GENESEE VALLEY TRUST CO. et al. v. KANSAS CITY, M. & O. RY. CO. et al.

(District Court, D. Kansas, First Division. February 28, 1917.)

No. 178–N.

1. REMOVAL OF CAUSES ☜45—ACTIONS REMOVABLE—STATUTE.
    A suit brought in the state court by some of the bondholders of an insolvent railroad company against the reorganized corporation, which purchased the property at the sale under a decree of foreclosure rendered by the federal court, the original corporation, the bondholders' committee and others, to have determined the interest which plaintiffs acquired in the property purchased partly through the use of their bonds, cannot be removed by the purchaser, which was incorporated under the laws of the state in which the suit was brought, even though the question was involved in the receivership suit, so that the prosecution of the suit in the state court could be restrained, since the right of removal is statutory and the cause does not come within any of the classes of suits which may be removed under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. 1913, § 1010]) § 28.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89.]

2. REMOVAL OF CAUSES ☜48—GROUNDS FOR REMOVAL—SEPARABLE CONTROVERSIES.
    The controversy involved in that suit arose between plaintiffs and all the defendants, and was not separable between plaintiff and the removing defendant.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94.]

In Equity. Suit by the Genesee Valley Trust Company and another against the Kansas City, Mexico & Orient Railway Company and others, begun in the state court and removed by one defendant into the United States District Court. On plaintiff's motion to remand. Motion granted.

Krauthoff, McClintock & Quant, of Kansas City, Mo., for the motion.

John A. Eaton, Dudley W. Eaton, and Hyden J. Eaton, all of Kansas City, Mo., opposed.

POLLOCK, District Judge. [1] This is a suit by plaintiffs, holders of first mortgage bonds of the Kansas City, Mexico & Orient Railway Company, who deposited their said bonds with the Bondholders' Com-

mittee, attempting a reorganization of the railway property sold under foreclosure decree entered in a former suit in this court. It is brought against the railway company, the maker of the mortgage foreclosed, the Kansas City, Mexico & Orient Railway Company of Texas, which constructed that portion of a continuous line of railway extending from the city of Wichita to the city of Granada, Tex., lying within the state of Texas; also, against the Kansas City, Mexico & Orient Railroad Company, which is organized under the laws of this state, to take over and operate the property purchased at the foreclosure sale; the officers and directors of said railroad; the individuals composing what is styled the "Bondholders' Committee"; and said committee; the holders of certain notes issued by the Kansas City, Mexico & Orient Railroad Company secured by the pledge of collaterals, and many other corporations and individuals citizens of this state, of foreign states and aliens. The prayer of the petition is for general relief only. The purpose of the suit, in so far as can be ascertained from the very voluminous petition filed, would seem to be to procure a decree defining precisely what interest plaintiffs have obtained or will obtain in the property purchased partly through the use of the first mortgage bonds of the railway company by them held and owned which were deposited with the Bondholders' Committee and by said committee employed in making payment of the purchase price of the road heretofore sold under the foreclosure decree. At the time the petition was filed in the state court there was also filed an application to that court for the appointment of a receiver of the property now in the hands of the railroad company, but said application stands withdrawn, to be renewed only on application to this court. The Kansas City, Mexico & Orient Railroad Company, now in possession and operating said property, alone has appeared and removed the controversy into this court. Plaintiffs move to remand.

The ground on which the removal is taken is that all matters placed in issue by the petition are and were at the date of the commencement of this suit involved in the former suit in this court in the foreclosure proceeding in which the decree was entered under which the railroad company purchased the property; hence this court has exclusive jurisdiction in such former suit of all matters now attempted to be drawn into controversy in this suit. Wherefore it is contended this case is properly removable by way of preserving the jurisdiction of this court first obtained in the foreclosure suit.

The question, therefore, is, can one of many defendants, a citizen of this state, and codefendant with other citizens of this state and of foreign states and aliens (a portion of said codefendants being citizens of the same state with plaintiff), remove this controversy into this court in preservation of its jurisdiction over matters in issue in a former suit pending and undisposed of, or to prevent a court of the state from taking jurisdiction to litigate and determine matters in issue in a former suit in this court?

The right of removal of a suit from a state to a federal court is purely a creature of statute. While it is generally true when a federal court has first acquired jurisdiction over a matter in equity, and it

is or becomes necessary to the doing of complete justice among parties that such jurisdiction shall be maintained and preserved, parties litigant will, on application to such court, be restrained from presenting and litigating such issues in another forum or jurisdiction. More especially is this true if the res has been first brought within the custody or grasp of the federal court for disposition. But does this form the basis for the removal of a controversy from a state into a federal court? If it be conceded plaintiffs by the deposit of their bonds with the Bondholders' Committee and the use of said bonds by the committee in the purchase of the property in such manner as to make plaintiffs joint purchasers of the property with others, and, as purchasers plaintiffs became parties to and bound by the foreclosure decree and all other proceedings in the former suit in this court, yet, would such concession justify the removal here taken?

As has been seen, the removing defendant is a corporate citizen of this state. The plaintiffs are citizens of the state of New York. The subject-matter of this suit involves the interest of plaintiffs in the property purchased at a foreclosure sale through their representatives and in part by the use of their property rights; hence is a controversy arising out of the general principles of equity, and is not one over which the Judicial Code confers original jurisdiction on this court. Can a citizen of this state, when proceeded against in a court of the state by citizens of a foreign state, remove such a suit into this court?

Section 28 of the Judicial Code (Comp. St. 1913, § 1010) makes provision for the removal of three classes of controversies from a court of the state into a federal court, substantially, as follows:

(1) Any suit or action of a civil nature arising under the Constitution, laws, or treaties of the United States over which the Judicial Code gives the federal courts original jurisdiction may be removed by the defendant or defendants therein; (2) any other suit or action over which the federal courts are given jurisdiction by the Judiciary Act may be removed into a federal court by the defendant or defendants therein if nonresidents of the state in which the suit or action is brought; (3) when in any such suit or action there arises a controversy wholly between citizens of different states which controversy can be fully determined as between said citizens of different states without the presence of other parties, in such case any one or more defendants interested in said controversy may remove the controversy into a federal court.

Making application of the foregoing classifications to the present controversy, it may be said: As has been seen, the subject-matter of this suit is not one over which the federal courts are by the Judicial Code given original jurisdiction; hence it does not fall within the first classification above made.

[2] Whatever controversy is presented by the petition of plaintiffs in this suit is one arising between plaintiffs and all defendants over the extent of the interest or property rights of plaintiffs in the railway property purchased at the foreclosure sale of the Kansas City, Mexico & Orient Railway Company's property, and is not a separable

controversy arising between plaintiffs and removing defendant; hence this controversy does not fall within the third classification.

The subject-matter of this controversy is one over which federal courts of equity have general jurisdiction concurrent with courts of the state; hence falls within the second classification above made in so far as its subject-matter alone is concerned. But, as has been seen, removing defendant is a resident of this state and is not a nonresident as required by that classification.

It follows, the suit was improperly removed by a resident defendant, and must be remanded.

It is so ordered.